IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| DALE ADAM MOSS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:19-cv-01643 |
| v. ) | Hon. Liam O'Grady |
| ) | Hon. Theresa C. Buchanan |
| ANDREW SAUL, *Commissioner of Social* ) | |
| *Security*, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER

Before the Court is Magistrate Judge Buchanan's Report and Recommendation ("R&R") regarding the parties' cross-motions for summary judgment. Dkt. 23. Judge Buchanan issued this R&R on November 19, 2020. Plaintiff Moss timely objected on December 3, 2020, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, Dkt. 24; and Defendant timely responded on December 17, 2020 in support of the Magistrate Judge's findings, Dkt. 25.

When reviewing a Magistrate Judge's Report and Recommendation, the Court must make a *de novo* determination of those portions of the R&R to which objections, if any, are made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The Court is authorized to accept, reject or modify, in whole or in part, the recommendations made by the Magistrate Judge. *Id.*

Upon due consideration of the record and for the reasons presented herein, the Court hereby **APPROVES** and **ADOPTS** the findings Judge Buchanan set forth in the R&R (Dkt. 23). Accordingly, Plaintiff's Motion for Summary Judgment (Dkt. 15) is hereby **DENIED**, and Defendant's Cross Motion for Summary Judgment (Dkt. 18) is hereby **GRANTED**.

1

Plaintiff presents three objections to the R&R: that Magistrate Judge Buchanan did not "build[ ] a logical bridge" connecting the Administrative Law Judge's (ALJ) evidence and his conclusion, that the additional evidence Plaintiff offered should have been admitted, and that the ALJ's assessment is not supported by substantial evidence. The Court takes each objection in turn.

## I. Plaintiff's First Objection

Plaintiff's first objection argues that the ALJ's conclusion was not supported by the evidence, and that the R&R "does little more than re-package" that argument. Dkt. 24 at 1. When determining a person's eligibility for Social Security disability insurance benefits, an ALJ is required to build a "logical bridge" between evidence of the person's condition and the ALJ's conclusion. *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018).

The ALJ did just that in adjudicating Plaintiff's case: he assessed Plaintiff's daily activities and medical results over the course of the relevant time period and used that information to determine Plaintiff's limitations. *See* Admin. Record, pg. 164–170. Rather than improperly considering evidence of Plaintiff's daily life to mean that he was capable of working an eight-hour day, as Plaintiff argues he did, the ALJ merely compared Plaintiff's day-to-day life with what Plaintiff claimed to be capable of. *See id.* at 170 ("After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, *the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record...*" Emphasis added.). This evidence supported the ALJ's decision in that it shows Plaintiff is able to perform certain tasks when his limitations are accommodated, despite his assertions to the contrary.

In this respect, the R&R is likewise supported by the evidence. The reviewing Court must uphold the ALJ's determination when the Court finds he has applied the correct legal standards and when his factual findings are supported by substantial evidence. *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 340 (4th Cir. 2012). Because both of these requirements have been met, Magistrate Judge Buchanan properly upheld the determination.

## II. Plaintiff's Second Objection

Plaintiff's second objection concerns a letter from his clinician, which the Appeals Council declined to consider as evidence. Dkt. 24 at 2. Plaintiff argues that "good cause was shown to allow the additional evidence's admission" because the evidence was "a logical progression of the longitudinal history of Mr. Moss's mental impairments by his mental health provider." *Id.*

As the R&R explains, the letter was properly excluded because it did not relate to the relevant time period which the Council was considering; it did not have a reasonable probability of changing the outcome of the decision; and it was presented on the basis of the statement that Plaintiff was "unable to work," which is a legal conclusion and not a fact to be decided by a clinician. Dkt. 23 at 8–9. Moreover, Plaintiff's statement that he showed good cause ignores the ways to show good cause laid out in 20 C.F.R. § 416.1470(b), which include the claimant being misled by an action of the Appeals Council, the claimant's limitation preventing him from submitting the evidence on time, or another unusual, unexpected, or unavoidable circumstance beyond the claimant's control preventing him from submitting the evidence. Plaintiff does not assert any of these reasons, and none of them apply.

All of these facts are laid out in the R&R. Plaintiff argues in his objection that "good cause was shown" to admit the evidence and that there was a reasonable probability that it would have

3

changed the outcome. Dkt. 24 at 2. He does not explain why the R&R's reasoning is faulty; without such an explanation, this Court is inclined to rest on the sound reasoning of the Magistrate Judge.

### III. Plaintiff's Third Objection

Plaintiff's final objection states that the R&R "seems to accept the Commissioner's apparent assertion that a claimant must meet a listed impairment to be found disabled..." Dkt. 24 at 2. Nothing in the R&R supports this statement. Whether or not a claimant's impairment(s) meets or equals a listed impairment is one element the evaluation process to determine whether a claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(iii). A claimant meeting or equaling a listed impairment is sufficient to find that the claimant is disabled, but not necessary. *Id.* The R&R acknowledges that fact and does not conflate the two.

Plaintiff's statement that the ALJ's residual functional capacity (RFC) assessment "is not supported by substantial evidence" is likewise incorrect, for reasons already explained. The Court is unable to provide more clarity on this matter, because Plaintiff does not specify the portions of the ALJ's decision with which he takes issue.

Plaintiff also disagrees with the ALJ's decision to omit the limitations described by Plaintiff's psychiatrist in his hypothetical question to the vocational expert. Dkt. 24 at 2–3. The ALJ's decision to omit the psychiatrist's findings was proper because, as explained above, they were not compatible with the rest of the evidence available to the ALJ. The ALJ considered the psychiatrist's findings, which stated that Plaintiff was unable to work, and determined that they were not supported by the facts. The ALJ is required to present the vocational expert with hypothetical questions reflecting the claimant's impairments that are supported by the record. *Russell v. Barnhart*, 58 F. App'x 25, 30 (4th Cir. 2003).

4

Plaintiff also says that the R&R "appears to assert that a treating source could never opine about a claimant's ability to function in the workplace." *Id.* at 3. The Court finds no statement to that effect in the R&R, although it would be proper to say that, while a treating source is welcome to "opine" about a claimant's ability to work, the Court is not required to abide by any such statement.

Judgment shall enter by separate order of the Court pursuant to Federal Rule of Civil Procedure 58(a).

The Clerk is **DIRECTED** to close the case, and to send a copy of this Order to all counsel of record.

It is **SO ORDERED.**

January 28, 2021  
Alexandria, Virginia

Liam O'Grady  
United States District Judge